JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BIC CORPORATION and BIC USA INC., | ) Case No. 2:24-cv-08547-MRA-PD |
| | ) |
| Plaintiffs, | ) **JUDGMENT AND PERMANENT** |
| | ) **INJUNCTION AS TO** |
| v. | ) **DEFENDANT MAHIDE RAHMAN** |
| | ) |
| MAHIDE RAHMAN; JOHN DOE COMPANIES 1-10; AND JOHN OR JANE DOES 1-10, | ) |
| | ) Action Filed:  October 4, 2024 |
| | ) |
| Defendants. | ) |
| | ) |

1

JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MAHIDE RAHMAN

## JUDGMENT AND PERMANENT INJUNCTION

On October 4, 2024, Plaintiffs BIC Corporation and BIC USA Inc. (together, "BIC") brought this action against Defendant Mahide Rahman ("Rahman") for, *inter alia*, trademark infringement. (Dkt. 1). Despite proper service, Rahman did not answer or otherwise respond to the Complaint and has not appeared in this case. (Dkt. 19). On September 16, 2025, upon BIC's Request to Enter Default, the Clerk entered default against Rahman. (Dkt. 30). On October 8, 2025, BIC filed its Notice of Motion and Motion for Default Judgment, which was scheduled for hearing on January 12, 2026, at 1:30 p.m. (Dkt. 32). On January 5, 2026, the Court found this matter appropriate for decision without oral argument, and accordingly vacated BIC's hearing on its Motion for Default Judgment. (Dkt. 40). On February 12, 2026, the Court, after full consideration of BIC's Motion for Default Judgment, the Memorandum of Points and Authorities, the declarations submitted in support thereof, and good cause appearing, GRANTED BIC's Motion for Default Judgment and Permanent Injunction. *See* Dkt. 41.

There being no just reason for delay, judgment is entered, as set forth below.

**IT IS HEREBY ORDERED, ADJUDGED**, and **DECREED** as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)-(b).

2. The Court has supplemental jurisdiction over BIC's state-law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Rahman because Rahman conducted the marketing, advertising, distribution, importation, offer for sale, and sale of counterfeit goods within the State of California, including in this District, which resulted in the likelihood of customer confusion in the State of California, including in this District, and has caused irreparable harm to BIC. Thus, Rahman has committed tortious acts in the State of California and in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MAHIDE RAHMAN

because a substantial part of the events giving rise to the claims asserted in the Complaint occurred within this District.

5. JUDGMENT is entered in favor of BIC and against Rahman on the following causes of action: (1) Federal Trademark Counterfeiting in Violation of Lanham Act §§ 32(1)(b) and 34(d) (15 U.S.C. §§ 1114(b), 1116(d)); (2) Federal Trademark Infringement in Violation of Lanham Act § 32 (15 U.S.C. § 1114); (3) Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act § 43 (15 U.S.C. § 1125(a)); (4) Federal Dilution by Tarnishment in Violation of Lanham Act § 43 (15 U.S.C. § 1125(c)); (5) Trademark Infringement In Violation of California Law (Cal. Bus. & Prof. Code §§ 14200 et seq.); (6) California Trademark Dilution (Cal. Bus. & Prof. Cod § 14247); (7) Unfair Competition in Violation of California Law (Cal. Bus. & Prof. Code § 17200 et seq.); (8) Common Law Unfair Competition; and (9) Common Law Trademark Infringement.

6. The Court AWARDS BIC $1,000,000 in statutory damages, the amount requested, for Rahman's willful trademark infringement of the word mark "BIC" and stylized BIC mark (*i.e.*, $500,000 per mark), and the judgment shall accrue interest in the manner set forth in 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that permanent injunctive relief is GRANTED, and thus entered as follows:

1. As alleged in the Complaint, the BIC Trademarks include at least the BIC registered trademarks listed in the Complaint (Reg. Nos. 2,324,480, 951,661, 1,761,622, and 2,278,917).

2. As further alleged in the Complaint, Rahman infringed BIC registered trademarks by *inter alia* willfully and knowingly selling, marketing, advertising, and distributing counterfeit BIC-branded lighters in the United States, including California. These counterfeit BIC-branded lighters lack the safety features in authentic BIC pocket lighters.

3. Rahman, together with his officers, agents, servants, employees, and all

3

JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MAHIDE RAHMAN

others in active concert or participation with him, are hereby PERMANENTLY ENJOINED from:

 a. using BIC's federally registered trademarks, trade dress, and/or logos as described and defined in BIC's Complaint (the "BIC Marks") (Dkt. 1) or any reproduction, counterfeit, copy or colorable imitation of the BIC Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise that is not the genuine product of BIC's ("Counterfeit Products") or in any manner likely to cause others to believe that the Counterfeit Products are connected with BIC or BIC's genuine merchandise bearing the BIC Marks;

 b. passing off, inducing, or contributing to others to sell or pass off, any pocket lighters or other items bearing the BIC Marks or any reproduction, counterfeit, copy or colorable imitation of the BIC Marks, which are not the genuine products of BIC and/or not produced under the control and supervision of BIC and approved by BIC for sale under the BIC Marks, including but not limited to the Counterfeit Products;

 c. committing any other acts calculated to cause purchasers to believe that the Counterfeit Products are those sold under the control and supervision of BIC, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of BIC, and infringing or diluting the BIC Marks;

 d. otherwise making use of any unauthorized marks that are the same as, or confusingly similar to, the BIC Marks; and

 e. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner pocket lighters or other items bearing the BIC Marks or any

4

JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MAHIDE RAHMAN

reproduction, counterfeit, copy or colorable imitation of the BIC Marks, which products are not the genuine products of BIC and/or not produced under the control and supervision of BIC and approved by BIC for sale under BIC's BIC Marks, including but not limited to the Counterfeit Products.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction for the purposes of enforcement of this Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Dated: February 19, 2026

_____
HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE

JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MAHIDE RAHMAN